ORIGINAL

# In the United States Court of Federal Claims

No. 16-347C
(Filed June 27, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
                                              *
AVIS KEITH WOODRUM,                           *
                                              *
                  Plaintiff,                  *
                                              *
         v.                                   *
                                              *
THE UNITED STATES,                            *
                                              *
                  Defendant.                  *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
JUN 27 2016
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On March 15, 2016, plaintiff Avis Keith Woodrum filed a two page complaint. In it, Mr. Woodrum claimed that "Dr. Matsunaga, Dr. Rothven, Dr. Diamond . . . conspire[d] . . . to commit fraud upon sane man – Avis-Keith:Wood-rum." Compl. at 2. Mister Woodrum seeks $25 million for a variety of torts based on these doctors' conduct. *Id.* Construed liberally, the complaint is alleging tortious actions on the part of three listed doctors, the psychological board that licensed the psychiatrists, and a bonding company, including false diagnosis, defamation of character, coercion, medical malpractice, and breach of the duty of care. *Id.*

The government moved to dismiss plaintiff's complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) because this Court lacks subject-matter jurisdiction over claims against private individuals and entities. Def.'s Mot. at 1–2. While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), defendant is correct that plaintiff has failed to state a claim within this court's jurisdiction.

Plaintiff seems to be confused about the jurisdiction of the Court of Federal Claims. Mister Woodrum's complaint does not appear to contain any factual allegations concerning the United States government, much less anything related to our subject-matter jurisdiction. Based on the address plaintiff listed on his complaint, it appears that plaintiff is an inmate at Two Rivers Corrections, an

Oregon state prison. To the extent to which plaintiff may be seeking money based on the actions of state and local government entities, that is not within our power to grant. *See Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978).

Plaintiff did not allege a contract with the federal government, a right under a statute mandating compensation from the federal government, or any other basis for jurisdiction. *See* 28 U.S.C. § 1491. Even if the torts alleged in the complaint could be construed as involving the federal government, our court would still lack jurisdiction, as we have no power to hear tort claims. *See* 28 U.S.C. § 1491(a)(1). Thus, plaintiff has failed to state a claim against the United States or federal officials that would fall within this court's jurisdiction.

Before plaintiff received the government's motion to dismiss this case, he moved for an extension of time so that he could find an attorney to represent him. Perhaps this is why Mr. Woodrum has not responded to the government's motion. In any event, because it is evident that the complaint contains no claim within our jurisdiction, it would be futile to allow Mr. Woodrum additional time to secure counsel for this matter. Plaintiff's motion for an extension of time is therefore **DENIED**.

For the reasons stated above, the government's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.†

**IT IS SO ORDERED.**

_/s/ Victor J. Wolski_
VICTOR J. WOLSKI
Judge

---

† The Court also notes that plaintiff has neither filed an application to proceed *in forma pauperis* nor paid the filing fee. Since the case is clearly not within our jurisdiction and review of the matter did not consume a significant amount of judicial resources, plaintiff's filling fee is waived.